**NEIL H. GREENBERG & ASSOCIATES, P.C.**
COUNSELORS AT LAW

900 MERCHANTS CONCOURSE, SUITE 314. WESTBURY, NEW YORK 11590

NEIL H. GREENBERG, ESQ.

JUSTIN M. REILLY, ESQ.

CATALINA ROMAN

PARALEGAL

January 8, 2016

VIA: ECF filing

Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Brooklyn, New York 11201

RE: Torrenegra v. Grameen America Inc. et al.
15 CV 3153 (WFK)(RER)

Honorable Sir:

This office represents the named Plaintiff and opt-in Plaintiffs in the above referenced action. The named Plaintiff has brought this collective action to recover unpaid overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., individually and on behalf of all other similarly situated current and former employees of the Defendants who worked as "Training" Center Managers, Center Managers and/or Second Signatories within the last six years (together, the "Covered Employees"). This case also asserts class claims for unpaid overtime under the New York Labor Law ("NYLL").

There is one named Plaintiff and, to date, two opt-in Plaintiffs who have filed consents to join this action. These Plaintiffs claim that they consistently worked over 50 hours per week, the named Plaintiff working up to 67.5 hours a week, without receiving any premium overtime compensation. These Plaintiffs claim that they were paid a bi-weekly, flat salary no matter how many hours they worked per week. These Plaintiffs claim that they worked for the Defendants doing non-exempt work under the FLSA and NYLL. Specifically, and as will be established in their sworn declarations, these Plaintiffs spent a majority of their working hours in assigned neighborhoods collecting loan payments and depositing those payments into the Defendants' bank accounts. When these Plaintiffs were not collecting loan payments, they were recording their daily collections in simple spreadsheets.

The Named Plaintiff worked as a "Training" Center Manager, Center Manager, and Second Signatory at the Defendants' Jackson Heights branch location in Jackson Heights, New York. The opt-in Plaintiffs worked collectively at the Defendants' Jackson Heights, Long Island City, and Bronx branch offices as "Training" Center Managers, Center Managers, and Second Signatories. During their employment with the Defendants, the Named Plaintiff and opt-in Plaintiffs had knowledge of other "Training" Center Managers, Center Managers and Second Signatories

working at Defendants various branch offices in New York. Collectively, named Plaintiff and opt-in Plaintiffs knew of other "Training" Center Managers, Center Managers and Second Signatories working at Defendants branch offices in Manhattan, Brooklyn, Bronx, and Queens. The named Plaintiff and opt-in Plaintiffs knew that these other similarly situated "Training" Center Managers, Center Managers, and Second Signatories had job duties identical to their own and that such duties were uniform among all of Defendants' New York branch offices.

Pursuant to Rule III(B) of Your Honor's Motion and Individual Practice Rules, the Plaintiffs respectively submit this pre-motion conference letter to request leave to file a motion seeking an order from the Court to: (1) conditionally certify this action as a representative collective action pursuant to FLSA on behalf of all persons employed by the Defendants in the positions of "Training" Center Manager, Center Manager, and/or Second Signatory within the last six years; (2) direct the Defendants to provide Plaintiffs' counsel with a written or electronic data file of the names of all Covered Employees and their last known mailing addresses, telephone numbers, work locations and dates of employment; (3) approve a proposed notice of this action under the FLSA (the "Notice") and accompanying consent form (the "Opt-in Form"), both as authorized by the FLSA; (4) require court facilitated notice of this action to the Covered Employees using the Notice and Opt-In Form and authorize Plaintiffs to mail such notices; (5) require Defendants to post the Notice, along with the Opt-In Forms in each of Defendants' locations where any Covered Employee is employed in the State of New York; and (6) order Defendants to refrain from engaging in communications or activities that may improperly influence, mislead or discourage putative Plaintiffs from joining this action.

Unlike a traditional class action, FLSA collective action claims are not tolled by the filing of the Complaint. See 29 U.S.C §255(a); Hoffman-LaRoche v. Sperling, 493 U.S. 165, 169 (1989); Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 260 (S.D.N.Y. 1997). Each individual worker must opt-in to the case in order to toll the relatively short statute of limitations period for his individual claims. 29 U.S.C. § 255(a); Cohen v. Gerson Lehrman Group, Inc., 686 F.Supp.2d 317 (S.D.N.Y. 2010) (the applicable statute of limitations under FLSA is two years, and three years where the defendant's violations of the FLSA are willful); Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 141 (2d Cir. 1999).

The Eastern District of New York and the Southern District of New York Courts follow a two-step process when determining whether a matter should proceed as a collective action. Lewis v. Nat. Financial Sys., Inc., 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. 2007); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 2006 U.S. Dist. LEXIS 32511 (S.D.N.Y. 2006). In the first process, the plaintiff moves the Court pursuant to 29 U.S.C. § 216(b) for conditional class certification. In support of this application, the plaintiff submits pleadings and affidavits in order for the Court to determine if the putative class members are similarly situated. Lewis v. Nat. Financial Sys., Inc., supra at *6. At this particular stage, the plaintiff's burden is minimal and the evidentiary standard required of the plaintiff is lenient. Lee v. ABC Carpet & Home, supra at *197; Patton v. Thomson Corp., 364 F.Supp.2d 263, 267 (E.D.N.Y. 2005); Guzman v. VLM, Inc., 2007 WL 2994278, at *2 (E.D.N.Y. 2007). If the Court grants conditional certification, it then directs the defendant to identify the putative class members and the Court then oversees the facilitation of notice to the proposed class. Trinidad Jr. v. Breakaway Courier Sys., Inc., 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. 2007); Lewis v. Nat. Financial Sys., Inc., supra; Lee v. ABC Carpet & Home, supra.

After conditional certification, the plaintiffs may move to formally certify the collective action, and the defendants may move to decertify the collective action, if discovery reveals that the plaintiffs are not similarly situated. Hoffman v. Sbarro, Inc., supra at 262.

It is respectfully submitted that the Plaintiffs' Complaint, the Plaintiffs' opt-in forms, and the sworn declarations that will be submitted in support of their motion for conditional certification will adequately show that they and other "Training" Center Managers, Center Managers, and Second Signatories employed in the State of New York were subjected to Defendants' uniform, illegal pay plan that deprived them of overtime premium pay. Because the statute of limitations continues to extinguish or diminish the claims of other "Training" Center Managers, Center Managers, and Second Signatories, the Plaintiffs request that the Court grant them permission to file a motion for conditional certification and expedited notice at this time, along with a memorandum of law more fully supporting the Plaintiffs' position.

Respectfully yours,

Justin M. Reilly, Esq

cc: Laura Juffa, Esq.